YI GUANG ZHAO, Petitioner,

v.

Michael B. MUKASEY, as Attorney General of the United States,[1] Respondent.

No. 06–5185–ag.

United States Court of Appeals, Second Circuit.

Feb. 5, 2008.

Robert J. Adinolfi, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Jennifer Levings, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Guang Zhao, a citizen of the People's Republic of China, seeks review of an October 31, 2006 order of the BIA denying his motion to reopen. *In re*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

*Yi Guang Zhao,* No. A70 581 861 (B.I.A. Oct. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, time and numerical limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). We also note that the number bar and 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Jin Bo Zhao v. INS,* 452 F.3d 154 (2d Cir.2006).

■■■■ Here, we find that the BIA did not abuse its discretion in denying Zhao's motion to reopen. Because Zhao failed to establish that he notified Attorney Albert S. Lefkowitz, his prior counsel, of his allegations of ineffective assistance, he has not substantially complied with *Matter of Lozada. See Esposito v. INS,* 987 F.2d 108, 110–11 (2d Cir.1993) (adopting the requirements created in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988)). We also note that any claim of ineffective assistance of counsel Zhao may have against Attorney Karen Jaffe is not properly before us because he never raised that claim before the BIA. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); *Lin Zhong v. U.S. Dep't*

*of Justice,* 480 F.3d 104, 119–20 (2d Cir. 2007). Accordingly, we decline to reach that issue.

■■■■ Similarly, we deem any challenge Zhao may have regarding the BIA's decision to deny his motion to reconsider to be waived, as he does not raise them before us. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Finally, despite Zhao's arguments, we decline to remand this case to the BIA pursuant to our holding in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006) because the documents described therein are not in the record of this case. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

For the foregoing reasons the petition for review is DENIED. In addition, any pending motion to stay removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).